UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KELLY LEE KENNEMER,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JOANNA McFARLAND,<br><br>　　　　　　Defendant. | Case No. 2:24-cv-00478-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Kelly Lee Kennemer's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court enters the following Order dismissing this case without prejudice.

1. **Standards of Law for Screening Complaints**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for

relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

2.    **Factual Allegations**

Plaintiff is a pretrial detainee in the Clearwater County Jail. Plaintiff claims that Defendant Joanna McFarland, the attorney defending Plaintiff against pending criminal charges in state court, has not provided adequate representation. *Compl.*, Dkt. 3, at 2. Plaintiff seeks monetary damages.

3. **Discussion**

   A. *Section 1983 Claims*

   Plaintiff brings a claim under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

   It is well established that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Indeed, a criminal defense attorney "is not acting on behalf of the State; he is the State's *adversary*." *Id.* at 322 n.13 (emphasis added).

   For this reason, Plaintiff's § 1983 claim against Plaintiff's criminal defense attorney is implausible and must be dismissed.

   B. *State Law Claims*

   Plaintiff also purports to assert state law claims, but Plaintiff does not specifically identify any such claims. *See Compl.* at 1. Moreover, because the Complaint fails to state a claim upon which relief may be granted under federal law, the Court would decline to exercise supplemental jurisdiction over state law claims in any event. *See* 28 U.S.C. § 1367(c). Therefore, Plaintiff may not proceed on any state law claims.

4. **Opportunity to Amend**

   The Court now considers whether to allow Plaintiff an opportunity to amend the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of

Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se litigants so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135–36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. It is clear from the face of the Complaint that the only named Defendant is not a state actor under § 1983. No amendment could overcome this deficiency. Accordingly, the Court will dismiss Plaintiff's Complaint without leave to amend.

///

///

///

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

## ORDER

**IT IS ORDERED** that this case is DISMISSED without prejudice for failure to state a claim upon which relief may be granted under federal law. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: May 20, 2025

_____
David C. Nye
Chief U.S. District Court Judge